**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL EBLEN, | No. 18-35193 |
| Plaintiff-Appellant, | D.C. No. 6:16-cv-01678 |
| v. | |
| ANDREW SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael McShane, District Judge, Presiding

Submitted May 4, 2020**

Before: FARRIS, LEAVY, TROTT, Circuit Judges.

Michael Eblen appeals the district court's affirmance of the Commissioner

of Social Security's denial of his application for disability insurance benefits under

Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The ALJ properly evaluated the medical opinion evidence and provided specific and legitimate reasons supported by substantial evidence to discount the opinions of Eblen's treating physicians. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). The ALJ properly gave little weight to Dr. Steven Maness's opinion that Eblen was disabled because it was inconsistent with the objective medical evidence, including Dr. Maness's own treatment notes, and because the record indicated that Dr. Maness had recommended conservative treatment. To support this assessment, the ALJ referred to Dr. Maness's treatment notes indicating "relatively normal examination findings." Though Dr. Maness noted that Eblen had a positive Straight Leg Raise Test in February 2013, Dr. Maness noted 4/5 strength in Eblen's hamstring and 5/5 strength in the rest of his leg muscles in that same visit. Eblen performed the Straight Leg Raise Test on many other occasions, both prior to and subsequent to the February 2013 examination, and his test results were negative on every other occasion. The ALJ also permissibly concluded that Dr. Maness's opinion was inconsistent with his otherwise conservative recommendations of physical therapy and medication. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995).

The ALJ also gave specific and legitimate reasons for assigning little weight to treating physician Dr. C. Mitchell Finch's opinion that Eblen was disabled. *See Trevizo*, 871 F.3d at 675. Substantial evidence supports this finding, including Dr. Finch's own relatively normal exam findings across six visits, during which Dr. Finch noted negative straight leg tests at every exam in which this measure was performed, and 5/5 strength in Eblen's extremities. The ALJ's concluded that Dr. Finch formed his opinion without reference to the longitudinal record and based it largely on Eblen's subjective complaints "in lieu of objective exam findings." That conclusion was a rational interpretation of the medical record. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (substantial evidence supports an ALJ's decision to discount an opinion that is based on subjective complaints which are otherwise not supported by clinical evidence). Dr. Finch did not examine Eblen between authoring his identical April 2013 and March 2014 opinions, further suggesting that these opinions were "inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

The ALJ properly discounted Dr. Finch's opinion that Eblen was "medically disabled" because the ultimate determination of medical disability is reserved for the Commissioner. 20 C.F.R. § 404.1527(d)(1). Additionally, the ALJ did not err in giving Dr. Finch's opinion little weight because of Eblen's inconsistent statements about Dr. Finch's recommendation regarding surgery. The record is

3

unclear regarding whether Eblen opted against surgery, as Dr. Finch's notes suggest, or whether Dr. Finch informed Eblen that surgery was not an option for him, as Eblen testified. It is within the ALJ's discretion to resolve such ambiguities in the record. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ's decision must be affirmed where, as here, the evidence is "susceptible to more than one rational interpretation." *Id.*

The ALJ properly gave great weight to consultative physician Dr. Martin Kehrli's opinion that Eblen was not disabled. Though an ALJ may not rely on the opinion of a non-examining physician *alone* to reject the opinion of treating physicians, *see Revels v. Berryhill*, 874 F.3d 648, 664 (9th Cir. 2017), an ALJ does not err when she gives weight to a non-examining physician's opinion that is supported by other evidence in the record, including objective medical evidence and inconsistencies between the claimant's testimony and his statements to physicians, *see Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995). Here, substantial evidence supported the ALJ's consideration of Dr. Kehrli's opinion. *See Magallanes*, 881 F.2d at 752. The ALJ properly gave great weight to Dr. Kehrli's opinion because it was based on a longitudinal review of the record, which included the relatively normal examination findings from Dr. Maness and Dr. Finch. The ALJ also properly gave great weight to Dr. Kehrli's opinion because Dr. Kehrli considered the consistency between the medical evidence and

4

Eblen's reported activities of daily living, including Eblen's ability to independently care for his pet and drive multiple times weekly to visit family and friends. Eblen's objections to Dr. Kehrli's qualifications were raised for the first time on appeal and are therefore waived. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

The ALJ gave specific, clear, and convincing reasons to discount Eblen's symptom testimony because she reasonably concluded that the record contradicted Eblen's alleged severity of his symptoms. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir 2007). The ALJ properly considered Eblen's "prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). The ALJ noted several inconsistencies between Eblen's testimony and the evidence in the record, including the objective medical evidence, evidence of conservative treatment, Eblen's daily activities which displayed a higher level of functioning than his symptoms would otherwise suggest, and inconsistencies between statements Eblen made to his providers and statements he made in support of his long-term disability insurance application. By detailing these inconsistencies, which are supported by substantial evidence, the ALJ provided clear and convincing reasons to discount Eblen's testimony. *See id.*

**AFFIRMED.**